WILLIAM BURLINGAME *v.* ISAAC SAUNDERS, Administrator.

A claimant against the estate of a deceased person represented insolvent, whose claim has been rejected by the commissioners, must, to maintain his action at common law, in the nature of an appeal, under the 5th section of the " act for the equal distribution of insolvent estates," and found in the Digest of 1844, p. 253, commence and enter the same at the next term of the court having jurisdiction of his case, at which he can by law, and with reasonable diligence, enter it, unless prevented therefrom by accident or mistake.

ASSUMPSIT against the defendant as administrator, with the will annexed, of the estate of Henry Brown, late of Scituate, to recover the sum of $873.56, declared by the plaintiff to be due to him from the defendant's testator by book account.    The action was brought at the March term of this court, 1856, the writ being dated Sept. 18, 1855, and served Feb. 25, 1856.

The fourth plea in bar was, in substance, that on the 9th day of October, 1854, the estate of his testator was represented by the defendant to the court of probate of the town of Scituate to be insolvent, and that said court thereupon appointed commissioners to receive, examine, and decide upon the claims against said estate, and allowed to the creditors of said estate six months within which to bring in and prove their claims against said estate ; that the plaintiff presented his claim here declared upon to said commissioners, who, on the 14th day of May, 1855, made report to said court of probate, rejecting and disallowing the said claim ; that the plaintiff did thereafter, on the 12th day of June, 1855, give notice in the clerk's office of said court of probate, of his determination to have his said claim determined at the common law, but did not bring and prosecute his action against the defendant as administrator *as soon as he might have done*, but allowed the September term of the Supreme Court of the county of Providence, 1855, and the December term of the court of common pleas for said county, of the same year, to pass without bringing his said action as he might have done ; and that the defendant, said terms having been passed by the plaintiff, on the 12th day of January, 1856, settled his account as administrator with said court of probate of Scituate, wherefore he prays judgment, &c.

4 *

To this plea the plaintiff put in a general demurrer, and the case was argued by *Blake* in support of the demurrer, and by *Browne* against it and in support of the plea.

BRAYTON, J.   The question raised by the demurrer in this case, involves the construction of the 5th section of the act entitled, " An act for the equal distribution of insolvent estates," contained in the Digest of Laws of 1844, p. 253.   The prior sections of this act provide, that when the estate of a deceased person shall be insolvent, the administrator, before making payment to any creditor, shall represent the condition of the estate to the court of probate, and that commissioners shall be appointed to receive and examine all the claims which shall be presented within a time limited, and report to the court the sums allowed by them to each creditor ; and upon the acceptance and allowance of the report by the court of probate, the estate shall be distributed among the creditors who shall have made out their claims before the commissioners.

The 5th section provides, that notwithstanding the report of the commissioners, any creditor, whose claim is wholly or in part rejected, may have the same determined at common law, *in case* he shall give notice thereof in writing in the clerk of probate's office within twenty days after such report shall be received, and *bring and prosecute his action as soon as may be.*

Sect. 10 of the same act provides that " if any creditor shall not make out his claim with the commissioners within the time of their commission, or at the common law, or before referees, (another mode provided in the act,) in the manner provided by this act, he shall be forever barred of his action therefor against the executor or administrator; unless there shall be estate remaining in the hands of such executor or administrator upon the settlement of his account with the court of probate, after deducting the amount of the claims allowed by the commissioners," &c.

The question raised by the 4th plea in this case is, whether the plaintiff is barred from having any action against the administrator for his claim, under the 18th section of the act, he not having made out his claim before the commissioners within the time of their commission ; or whether, under the 5th section,

having given the proper notice of his intention to have his claim determined at the common law, he is now entitled to maintain this action against the administrator. The defendant, the administrator, objects that the plaintiff has not complied with the provisions of the 5th section which give a creditor the right to sue, since he has not brought his action as soon as he might have done after filing his notice in the probate office, but unreasonably delayed to bring the same.

Taking into consideration the apparent purpose of this act, to speed the settlement of the estate, by creating a domestic forum for adjudicating the claims of all the creditors,—that the administrator is required to convert the estate into money for the payment of all the debts within three years from the grant of administration,—that a full distribution cannot be made until all the claims are ascertained,—and that the claims reported by the commissioners are all awaiting the determination of the particular claim in suit for the final liquidation of the debts of the estate, it must have been intended by the legislature that the creditor who would appeal from the decision of the commissioners and resort to the court for a determination of his claim, should proceed to this determination with all reasonable diligence; and that after giving the notice, he should be guilty of no unreasonable delay, but should proceed and count against the administrator in the first court having jurisdiction of his case which might be held thereafter. It might not be expected that he should be required to take out his writ on the same day in which he files the notice, or that he should proceed with the utmost possible speed. He should have reasonable time to sue out and procure the service of his writ. So if by any unforeseen accident, he is prevented from commencing his action, as by sudden sickness, or mistake even, if the circumstances were such as to negative all presumption of negligence, he might be excused. But in all cases he is required to proceed and enter his case in the first court having jurisdiction of the claim where by reasonable diligence he might enter it, and if by negligence he omits this, he is not allowed to commence his action at a subsequent term; in other words, he is required to sue as soon as he reasonably may.

The plaintiff, by his demurrer in this case, admits that the commissioners report, rejecting his claim, was made on the 14th day of May, 1855,—that he gave notice of his intention to bring his action at law on the' 12th day of June following,—that there was a term of the supreme court holden at Providence on the fourth Monday of September, 1855, and a term of the court of common pleas holden at Providence on the first Monday of December, 1855, either of which courts had jurisdiction of his case,—and that, at the time of the service of the plaintiff's writ in this case, the defendant had no goods or chattels of the testator remaining in his hands, he having fully administered the same, and that he has had none since.

From the 12th day of June, when he gave the notice, to the 19th day of September, when he sues out his writ, returnable in March following, something more than three months elapsed, in all which time the plaintiff did not move in the matter, but left the administrator to go on in the settlement of the estate by distributing the funds in his hands among the creditors whose claims had been allowed. If three months were not ample time to enable a creditor to cause his debtor to be served with process, we do not think the statute intended to provide for him. If an omission for so long a period is not negligence, it would be difficult to say what diligence would require. No excuse is offered for this delay,—no attempt shown to comply with the condition of this section, which by some accident or unforeseen event he was prevented from doing, but it is left upon the facts admitted, a bold case of neglect to avail himself of the provisions of the act.

Had there been any effects of the intestate remaining in the hands of the defendant after paying the debts reported by the commissioners, he might still have maintained his action and recovered to the amount of his debts, or to the extent of such remaining assets. But it is admitted there were none such remaining. The plaintiff, therefore, by his own negligence in bringing his suit has, under this statute, barred himself from maintaining an action against the defendant; and the demurrer must be overruled.